UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA POPAL,<br>Plaintiff,<br>v.<br>PORSCHE CARS NORTH AMERICA, INC., et al.,<br>Defendants. | Case No.: 26-cv-6337-RSH-SBC<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") will be held on **January 20, 2027, at 2:00 p.m.** before United States Magistrate Judge Steve B. Chu. These conferences will be held via Zoom videoconference as set forth in Appendix A.

**I. EARLY NEUTRAL EVALUATION CONFERENCE**

Based upon the Court's familiarity with cases brought pursuant to the Song-Beverly Consumer Warranty Act (the "Act") relating to alleged defects in vehicles, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE.

///

**1. Purpose of Conference**

The purpose of the ENE is to facilitate a discussion between the attorneys, parties, and the magistrate judge regarding the lawsuit in an effort to achieve early resolution. All settlement discussions will be informal, off the record, privileged, and confidential. Counsel for non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference. The parties shall be prepared to engage in good faith settlement discussions with the Court and opposing parties during the ENE. Failure to do so may result in the imposition of sanctions.

**2. Full Settlement Authority Required**

In addition to counsel who will try the case, all parties, adjusters for insured defendants, and other party representatives with full settlement authority[1] must participate in the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must participate and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's(s') prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

**3. Required Statement by Plaintiff**

No later than **December 9, 2026**, Plaintiff's counsel shall serve on opposing counsel a statement that sets forth the following information:

a. the date and location of the vehicle purchase;

b. an itemized list of all claimed defects in the vehicle at issue, including the date the defects were first discovered. Plaintiff should attach any records in the Plaintiff's possession, custody and control that reflect attempts to have the defects repaired;

c. the date and method (i.e., by phone, email, etc.) of any request by Plaintiff to Defendant to repurchase the vehicle;

d. the amount Plaintiff demands for restitution related to the purchase price of the vehicle, including Plaintiff's position as to the appropriate use offset; and

e. the amount Plaintiff demands in civil penalties under the Act and the grounds for seeking an award of civil penalties, including but not limited to documentation sufficient to demonstrate that Plaintiff complied with the pre-suit requirements set forth in California Code of Civil Procedure section 871.24 for seeking civil penalties.

**4. Required Statement by Defendant**

No later than **December 23, 2026**, Defendant's counsel shall serve on opposing counsel a statement that sets forth the following information:

a. warranty information for the vehicle, including claims submitted to or approved by Defendant concerning the vehicle;

b. service records for the vehicle, including service performed under a warranty;

c. any records regarding a request by Plaintiff to repurchase the vehicle and Defendant's response thereto;

d. any dispute regarding the amount Plaintiff calculates to be due for restitution, including the appropriate use offset; and

e. documentation of any response made by Defendant to any pre-suit request for repurchase or replacement by Plaintiff pursuant to California Code of Civil Procedure section 817.24.

**5. Meet and Confer Requirement**

After service of the above statements and no later than **December 30, 2026**, counsel for the parties, and any unrepresented parties, **must meet and confer in person or by videoconference** to discuss settlement. Plaintiff's counsel is responsible for making arrangements for the conference. **The meet and confer obligation cannot be satisfied by telephone or the exchange of letters**.

**6. Joint ENE Statement Required**

No later than **January 13, 2027**, counsel for all parties shall lodge with Magistrate Judge Chu's chambers a **joint statement no longer than two (2) pages**, certifying that the required in-person or videoconference between counsel took place, and setting forth the results and the issues remaining to be discussed at the ENE. The joint statement should attach the required statements by Plaintiff and Defendant described above, and any attachments thereto. This joint statement should be lodged via email at efile_chu@casd.uscourts.gov, and should include the name and title of each conference participant, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation.

**7. Confidential ENE Statements Permitted**

The parties may also submit a confidential statement to the Court no later than **January 13, 2027**, of no more than **five (5) pages,** directly to the chambers of Magistrate Judge Chu providing any additional confidential information in advance of the ENE conference. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_chu@casd.uscourts.gov.

///

///

## II. CASE MANAGEMENT

In the event the case does not settle at the ENE, the Court will conduct a CMC. Following the CMC, the Court will issue a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. In preparation for the CMC, the parties must:

1. Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **twenty-one (21) days before the ENE**.

2. Lodge a Joint Discovery Plan via email to Chambers at efile_chu@casd.uscourts.gov as provided in this Court's Civil Chambers Rules no later than **seven (7) days before the ENE**.

3. Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) no later than **seven (7) days before the ENE**.

## III. REQUESTS TO CONTINUE

Civil Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of an answer. Requests to continue ENEs are rarely granted. Counsel seeking to reschedule an ENE must confer with opposing counsel and file a joint motion setting forth good cause for the request. If the request is opposed by opposing counsel, the basis for counsel's opposition must be set forth in the joint motion.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Hon. Steve B. Chu
United States Magistrate Judge

## Appendix A – Zoom Videoconference Procedures

1. The Court will use its official Zoom video conferencing account to hold the ENE. Prior to the start of the ENE, the Court will email counsel the meeting login information required to join the Zoom video conference. Participants can join the video conference by following the ZoomGov Meeting hyperlink provided to counsel *or* by entering the meeting ID and password. If possible, participants are encouraged to use laptops or desktop computers with a camera for the video conference, as mobile devices often offer inferior performance. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

2. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the ENE begins promptly.

3. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. That is, the Court will begin the ENE with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls "Breakout Rooms." In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

4. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person. Participants should also participate in the conference in a location that allows for privacy and which does not contain background noise such as dogs barking, children, or other noise that will disrupt the conference. **Counsel are expected to appear and conduct themselves as if they are present in the courtroom, including dressing in appropriate courtroom attire.**

**NOTICE OF RIGHT TO CONSENT TO TRIAL**

**BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Consent forms are available in the Clerk's Office and on the Court's website. Plaintiff or counsel for the plaintiff is responsible for obtaining the consent of all parties, should they want to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary, and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.